UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CABOT,<br><br>            Plaintiff,<br><br>    v.<br><br>LECTRIC EBIKES LLC,<br><br>            Defendant. | Case No. 24-cv-06446-RFL<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 47 |

    In this putative class action, Plaintiff Michael Cabot alleges that Lectric eBikes, LLC ("Lectric"), an electric bicycle retailer, engages in deceptive practices on its website and in its advertising materials suggesting that items are being sold for a discount when they are not. Cabot brings suit for violations of California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and for unjust enrichment. Lectric moves for judgment on the pleadings, contending that Cabot's CLRA claim for damages, various claims for restitution, and claims for injunctive relief must be dismissed. (Dkt. No. 47.) For the reasons below, Lectric's motion is **DENIED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

    *CLRA Claim for Damages.* Lectric contends that Cabot's CLRA claim for damages must be dismissed for failure to comply with the CLRA's notice requirement. The CLRA requires plaintiffs to provide notice and a demand for repair "[t]hirty days or more prior to the commencement of an action for damages." Cal. Civ. Code § 1782(a). "That requirement exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30-day period that it will correct

1

those wrongs within a reasonable time." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009). Therefore, where "a damages claim [is] filed without the requisite notice . . . the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements." *Id.*

Cabot first brought a CLRA claim seeking only injunctive relief on September 12, 2024. (Dkt. No. 1.) Cabot asserts that Lectric did not correct the alleged misconduct at any point thereafter, and Lectric does not dispute that characterization or indicate it otherwise needs more time to do so. After Lectric moved for judgment on the pleadings on the CLRA injunctive relief claim, Cabot alleges that he sent Lectric a formal CLRA notice on May 7, 2025, asserting a damages claim under the CLRA. Pursuant to the parties' prior stipulation, Cabot then filed a First Amended Complaint two days later on May 9, 2025. (Dkt. Nos. 43, 44.) The FAC added a claim for damages to the original CLRA cause of action.

Cabot argues that his service of the CLRA notice on May 7, 2025 substantially satisfies the statute's pre-suit notice obligation, because Lectric already knew of the allegations at issue through the original CLRA injunctive relief claim brought on September 12, 2024. Lectric, in response, points out that courts have stated that "literal application" of the 30-day notice requirement is required in order "to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." *Outboard Marine Corp. v. Superior Ct.*, 52 Cal. App. 3d 30, 41 (1975); *see also Jenkins v. j2 Glob., Inc.*, No. CV 13-9226 DSF (MRWx), 2014 WL 12687417, at *3 (C.D. Cal. May 23, 2014). The California Supreme Court, however, has not addressed how the notice requirement applies when the plaintiff has already notified the defendant of identical CLRA allegations while seeking injunctive relief and thus has already provided an opportunity for the defendant to cure the allegedly wrongful conduct. *See Outboard Marine*, 52 Cal. App. 3d at 39-41 (addressing a situation where the plaintiff relied on a prior jury verdict in another case involving a different plaintiff and never gave CLRA notice until months after the CLRA claim was filed).

Nevertheless, guidance can be drawn from the California Supreme Court's decision in *State of California v. Superior Court*, 32 Cal. 4th 1234, 1245 (2004), which addressed similar claims presentation requirements under Government Code Section 911.2.  The court explained that a plaintiff "need not allege strict compliance with the statutory claim presentation requirement" to survive a motion to dismiss if "it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." *Id.*  The opinion also cited cases permitting prematurely filed complaints where plaintiffs had timely submitted a claim and substantially complied with the presentation requirement.  *See, e.g.*, *Radar v. Rogers*, 49 Cal. 2d 243, 249 (1957); *Cory v. City of Huntington Beach*, 43 Cal. App. 3d 131, 135-36 (Ct. App. 1974).

Here, Cabot has satisfied the purpose of the notice provision, which is to afford Lectric a thirty-day window to cure the alleged violation before facing liability for damages.  *See Morgan*, 177 Cal. App. 4th at 1261.  Indeed, where a plaintiff had previously filed a claim for injunctive relief under the CLRA, the California Court of Appeal has "disagree[d]" with the notion that a plaintiff is "precluded from seeking damages under the CLRA by failing to comply with the notice requirement before filing the . . . amended complaint in which they first sought such damages." *Id.*  Lectric has already had more than thirty days since May 7, 2025 to correct any alleged misconduct, and there is no contention that it has done so.  *See id.* (declining to dismiss where thirty days had passed without any correction to the alleged misconduct).  To require Cabot to re-file an identical complaint after waiting a few more weeks is not "required by law [n]or an efficient use of resources given the circumstances." *Parrish v. Volkswagen Grp. of Am., Inc.*, 463 F. Supp. 3d 1043, 1060 (C.D. Cal. 2020) (denying motion to dismiss CLRA claims for damages even though plaintiff filed a complaint 25 days after giving formal notice of the claim).  Accordingly, Lectric's motion for judgment on the pleadings as to the CLRA damages claim is denied.

**Claims for Restitution.**  Lectric argues that, under *Sonner v. Premier Nutrition Corp.*, Cabot must allege that he lacks an adequate remedy at law—*i.e.*, he is not entitled to damages—

in order to obtain equitable relief in the form of restitution for his CLRA, UCL, FAL, and unjust enrichment claims. 971 F.3d 834, 841 (9th Cir. 2020) ("[A] federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA."); *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022). Here, Cabot has alleged that the "scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted in this Complaint" and that "legal claims for damages are not equally certain as restitution because claims under the UCL and unjust enrichment entail few[er] elements." (FAC ¶ 103(a).) At the pleading stage, where plaintiffs may seek relief in the alternative or different types of relief, this is sufficient to allege that Cabot lacks an adequate remedy at law—and thus, that Cabot may be entitled to restitution. *See Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. Jan. 17, 2023) (finding that plaintiffs' allegations that legal remedies were not as certain as equitable remedies to be sufficient to survive a motion to dismiss); *see also Miller v. Philips N. Am. LLC*, 2025 WL 582160, at *4 (N.D. Cal. Feb. 20, 2025). Therefore, because Cabot has plausibly alleged that he may be entitled to equitable relief, the motion for judgment on the pleadings as to Cabot's claims for restitution is denied.

*Claims for Injunctive Relief.* Lectric further contends that Cabot lacks Article III standing to pursue injunctive relief under his CLRA, UCL, FAL, and unjust enrichment claims because he fails to allege a "certainly impending" threat of future injury. When seeking injunctive relief, the injury-in-fact requirement is met when the consumer has made "plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018). Standing can also be based on an allegation that the consumer cannot "rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70. Cabot's allegation that he "may be interested in purchasing Defendant's bikes in the future, so long as Defendant more accurately reflects its products' typical prices and properly label their products going forward" is sufficient to allege a threat of future injury. (FAC ¶ 79);

4

*see also In re SanDisk SSDs Litig.*, 736 F. Supp. 3d 786, 791 (N.D. Cal. 2024); *Freeman v. Indochino Apparel, Inc.*, 443 F. Supp. 3d 1107, 1114 (N.D. Cal. 2020) (holding plaintiff had standing where he "plausibly alleges a continued desire to purchase custom-made clothing from Indochino in the future if it accurately represents the prevailing market value of that clothing").

Relying on *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-10 (2013), Lectric contends that because Cabot does not allege a definite intent to purchase another Lectric bike, any threatened injury is insufficient to support standing because it is not "certainly impending." But the harm alleged here is the inability to assess whether to make a future purchase based on accurate information, a harm that occurs whenever Cabot considers buying from Lectric again. Cabot may not know what terms of purchase Lectric would propose for another bike or what its representations about that bike would be, and thus may not be able to commit now to buying another Lectric bike, but he is still harmed by his alleged inability to evaluate that potential purchase decision by relying on truthful information. The motion for judgment on the pleadings as to Cabot's claims for injunctive relief is therefore denied.

**IT IS SO ORDERED.**

Dated: August 7, 2025

RITA F. LIN
United States District Judge